UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

|  |  |
|---|---|
| JUDITH J. JIMENEZ, KATHY FOGEL, and STEPHANIE VIL, on behalf of themselves and all others similarly situated,<br><br>　　　　　Plaintiffs,<br><br>v.<br><br>TD BANK, N.A.,<br><br>　　　　　Defendant. | Civil Case No. 1:20-cv-07699-NLH |

## ORDER GRANTING PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT, CONDITIONAL CERTIFICATION OF THE SETTLEMENT CLASS, AND APPROVAL OF NOTICE PLAN

Plaintiffs' Motion for Preliminary Approval of Settlement, Conditional Certification of the Settlement Class, and Approval of Notice Plan (the "Motion") came before this Court on March 27, 2023. The Court, having fully reviewed the Motion, the supporting Memorandum of Law and Joint Declaration of E. Adam Webb and G. Franklin Lemond, Jr. filed in support thereof, including the Settlement Agreement and Release (the "Agreement") and the Notice of Settlement (the "Notice"), and for good cause appearing, HEREBY ORDERS AS FOLLOWS:

1.　　The Court grants preliminary approval of the Parties' settlement (the "Settlement") based upon the terms set forth in the Agreement, which is attached as Exhibit 2 to the Joint Declaration of E. Adam Webb and G. Franklin Lemond, Jr. and is incorporated in full by this reference and made a part of this Order. The Settlement appears to be fair, adequate, and reasonable to the Settlement Class (defined below).

2.　　All capitalized terms defined in the Agreement shall have the same meaning when used in this Order.

1

3. The Settlement falls within the range of reasonableness of a settlement that could ultimately be given final approval by this Court, and appears to be presumptively valid, subject only to any objections that may be raised and considered at the Final Approval Hearing and final approval by this Court. The Court notes that TD Bank, N.A. ("TD Bank" or "Defendant") has agreed to provide an aggregate Cash Settlement Amount of $4,900,000.00, which shall encompass all compensation to the Settlement Class, inclusive of the Fee & Expense Award, the Service Awards, and all Administrative Costs.

4. The Court finds and concludes that the Settlement is non-collusive and is the result of arms-length negotiations between the Parties after Class Counsel had adequately investigated Plaintiffs' claims and become familiar with their strengths and weaknesses.

5. In accordance with the Agreement, the Court hereby certifies the following Settlement Class for purposes of this Settlement: "All current and former holders of an Eligible Account that, between June 24, 2014 and the date of Preliminary Approval, was reopened by TD Bank without customer authorization after the Eligible Account's closure and had a debit, credit, or fee post to the Eligible Account after that reopening." For clarity, current and former holders of Eligible Accounts who consented to or requested the Eligible Account reopening are not members of the Settlement Class. And any current or former holders of jointly-held Eligible Accounts are not members of the Settlement Class if one of the joint accountholders consented to or requested the reopening.

6. Excluded from the Settlement Class are (1) TD Bank, its parents, subsidiaries, affiliates, officers, and directors at all relevant times, as well as members of their immediate families and their legal representatives, heirs, successors, or assigns; (2) any entity in which TD Bank has or had a controlling interest; (3) all Settlement Class members who exclude themselves from the Settlement; (4) all judges assigned to this litigation and their immediate

family members; and (5) federal, state, and local governments and all agencies and subdivisions thereunder.

7.     The Class Period is defined as the time period from June 24, 2014 through the date of Preliminary Approval.

8.     The Court hereby preliminarily finds and concludes, for the purposes of settlement only, that the Settlement Class satisfies all of the requirements for certification under Fed. R. Civ. P. 23(a) and 23(b)(3).

9.     With respect to the requirements of Fed. R. Civ. P. 23(a) and 23(b)(3), the Court makes the following findings:

   a.   The Settlement Class satisfies the standard for numerosity in Fed. R. Civ. P. 23(a)(1). Specifically, approximately 93,000 individuals are potential Settlement Class Members who will be provided Notice of the Settlement.

   b.   There are sufficient questions of fact and law that are common to the Settlement Class regarding the reopening of Eligible Accounts by TD Bank after the Eligible Account's closure where those Eligible Accounts had a debit, credit, or fee post to the Eligible Account after that reopening, thereby satisfying the standard for commonality in Fed. R. Civ. P. 23(a)(2).

   c.   For purposes of settlement only, Plaintiff Judith Jimenez's claims are typical of the Settlement Class Members' claims because they concern the same alleged TD Bank policies and practices, arise from the same legal theories, and allege the same types of harm and entitlement to relief, thereby satisfying the typicality requirement of Fed. R. Civ. P. 23(a)(3).

   d.   Webb, Klase, & Lemond, LLC and Golomb Spirt Grunfeld, PC will fairly and adequately represent the Settlement Class and are appointed as Class

3

      Counsel.

   e.    Plaintiff Jimenez will fairly and adequately represent the Settlement Class and is appointed as Class Representative.

   f.    For purposes of settlement only, common questions of law and fact predominate over individualized issues, because Plaintiff Jimenez's claims arise from whether TD Bank is liable to Settlement Class Members for the reopening of Eligible Accounts by TD Bank after the Eligible Account's closure where those Eligible Accounts had a debit, credit, or fee post to the Eligible Account after that reopening.

   g.    The Court further finds that the superiority requirement is satisfied because it is likely that recovery on an individual basis would be exceeded by the cost of litigating on an individual basis.

10.    The Court approves Epiq Systems, Inc. (hereinafter the "Settlement Administrator") to perform the duties of the Settlement Administrator as set forth in this Order and the Agreement.

11.    The Court finds that the proposed Notice comports with Fed. R. Civ. P. 23 and all constitutional requirements, including those of due process. Non-material modifications to the form and content of the Notice may be made without further order of the Court.

12.    The Court further finds that the Notice adequately advises the Settlement Class about the class action; the terms of the proposed Settlement, the benefits to each Settlement Class Member, the proposed fees, costs, and expenses to Class Counsel, and the Service Awards to the Plaintiffs; the Claims process; each Settlement Class Member's right to object to or opt out of the Settlement, and the timing and procedures for doing so; Preliminary Approval by the Court of the proposed Settlement; and the date of the Final Approval Hearing as well as the

rights of Settlement Class Members to file documentation in support of or in opposition to, and to appear in connection with, said hearing.

13. The Court further finds, as specifically described in the Agreement, that the sending of the E-Mail Notice to all Notice Recipients for whom TD Bank possesses an e-mail address; the mailing of the Mail Notice to all Notice Recipients to their last known address for whom TD Bank does not possess an e-mail address, with updates from the National Change of Address database; and the maintenance of a Settlement Website containing the Agreement, the Long-Form Notice, the Preliminary Approval Order, the Claim Form, and such other documents as Class Counsel and TD Bank agree to post or that the Court orders posted on the website, for no longer than sixty (60) days after distribution of the Cash Settlement Amount has been completed or by such other date as Class Counsel and TD Bank shall agree, constitute reasonable notice to potential Settlement Class Members of their rights with respect to the class action and proposed Settlement.

14. Within sixty (60) days of the Court's preliminary approval of the Settlement, TD Bank will provide the Settlement Administrator a Notice Recipient List that identifies, subject to the availability of information in reasonably accessible electronic form, the names, last known mailing addresses, and last known e-mail addresses, if available, of identifiable Notice Recipients.

15. Within thirty (30) days of receiving the Notice Recipient List, the Settlement Administrator shall implement the Notice Program in the manner specified in the Agreement.

16. Any Participating Settlement Class Member may submit a Claim to the Settlement Administrator seeking a distribution from the Net Cash Settlement Amount. Claims shall be submitted by a filing a Claim Form with the Settlement Administrator within ninety (90) days of the Notice Deadline. Participating Settlement Class Members may submit either (1) a

Basic Claim, in which case they will be paid a Basic Payment of $125, subject to sufficient funds in the Net Cash Settlement Amount, and they will not be obligated to provide with the Claim Form a statement or any documentary evidence of post-reopening unauthorized transactions on the Eligible Account(s); or (2) an Enhanced Claim, if they believe that there were post-reopening unauthorized transactions on the Eligible Account(s) causing monetary losses which exceeded the Basic Payment, in which case they are required to provide with the Claim Form a statement and documentary evidence of any such post-reopening unauthorized transactions and resulting monetary losses on the Eligible Account(s).

17. All Claim Forms must include, at minimum: (1) the Claimant's name; (2) the Claimant's current telephone number, current e-mail address, and preferred mailing address; (3) the Claimant's signature under penalty of perjury; (4) an election to submit either a Basic Claim or an Enhanced Claim; and (5) information relating to the basis of the Claimant's Claim including, as described in the Settlement Agreement, (a) the last four digits of the Eligible Account number that the Claimant contends forms the basis of their claim to be a Settlement Class Member, if known, (b) the date on which the account was reopened, if known, (c) an attestation that the reopening of the account was without the Claimant's consent or the consent of any joint holders of the account, and (d) an attestation that, if the account is or was jointly held, the Claim Form binds all account holders. For those Claimants electing to submit an Enhanced Claim, the Claim Form shall also include a statement of any money the Claimant lost as a result of any unauthorized transactions incurred on the Eligible Account following its reopening, and documentary evidence supporting the existence of those transactions and monetary losses.

18. The Court orders that all other procedures related to the Claims Process as outlined in the Settlement Agreement shall be followed.

19.     The Court orders that any request for exclusion from the Settlement must, in order to be timely and valid, be postmarked no later than sixty (60) days after the Notice Deadline; include the Settlement Class Member's name, address, and last four digits of the Eligible Account number(s) that the individual believes forms the basis of the individual's claim to be a Settlement Class Member; state that the Settlement Class Member wants to be excluded from the Settlement in *Judith Jimenez, et al. v. TD Bank, N.A.*, D.N.J., Civil Action No. 1:20-cv-07699, and that the Settlement Class Member understands that they will receive no money from the Settlement; identify the Settlement Class Member's counsel, if represented; and be personally signed and dated by the Settlement Class Member.

20.     If more than 2% of the total number of Settlement Class Members submit timely and valid opt-out requests, TD Bank shall have the option to void the settlement. To exercise this option, TD Bank's counsel must send written notification to Class Counsel within fourteen (14) calendar days of TD Bank's receipt of the last timely opt-out statement.

21.     Any Participating Settlement Class Member who does not timely and validly request exclusion from the Settlement may object to Class Counsel's application for attorneys' fees, costs, and expenses, or for a Service Award, by filing an objection with the Court with copy to Class Counsel and TD Bank's counsel. For an objection to be considered by the Court, the objection must be electronically filed or mailed first-class postage prepaid and addressed in accordance with the instructions and the postmark date indicated on the envelope must be no later than the Objection Deadline, as specified in the Notice.

22.     Any objection must include (1) the name of the Action; (2) the objector's full name, address, e-mail address, and telephone number; (3) an explanation of the basis upon which the objector claims to be a Settlement Class Member; (4) a statement whether the objection applies only to the objector, to a specific subset of the class, or to the entire class; (5)

all grounds for the objection, accompanied by any legal support for the objection; (6) the number of times in which the objector has objected to a class action settlement within the five years preceding the date that the objector files the objection, the caption of each case in which the objector made such an objection, and a copy of any orders related to or ruling upon the objector's prior such objections that were issued by the trial or appellate courts in each listed case; (7) the identity of all counsel who represent the objector, including any former or current counsel who may be entitled to compensation for any reason related to the objection to the Settlement or fee application; (8) the number of times in which the objector's counsel and/or counsel's law firm have objected to a class action settlement within the five years preceding the date that the objector files the objection, the caption of each case in which the counsel or the firm has made such objection, and a copy of any orders related to or ruling upon counsel's or the firm's prior such objections that were issued by the trial and appellate courts in each listed case; (9) the identity of all counsel representing the objector who will appear at the Final Approval Hearing, if any; (10) a list of any persons who will be called to testify at the Final Approval Hearing in support of the objection, if any; (11) a statement confirming whether the objector intends to personally appear and/or testify at the Final Approval Hearing; and (12) the objector's signature (an attorney's signature is not sufficient). Any objection submitted on behalf of a business entity must identify the title of the authorized individual signing the objection. To be timely, the objection must be postmarked no later than sixty (60) calendar days after the Notice Deadline. Any Participating Settlement Class Member who does not timely submit such a written objection will not be permitted to raise such objection, except for good cause shown, and any Participating Settlement Class Member who fails to object in the manner prescribed by this Order will be deemed to have waived, and will be foreclosed from raising, any such objection.

23.     Class Counsel shall file their motion for their application for attorneys' fees,

costs, and expenses, and for Service Awards for Plaintiffs, no later than thirty (30) days after the Notice Deadline.

24. The Final Approval Hearing shall be held before this Court on **November 7, 2023** at **2:00 p.m.**, at the Mitchell H. Cohen Building & U.S. Courthouse, 4th & Cooper Streets, Courtroom 3A, Camden, NJ 08101, to consider the fairness, adequacy, and reasonableness of the proposed Settlement preliminarily approved by this Order, and to consider the motion of Class Counsel for an award of reasonable attorneys' fees, costs, and expenses and for Service Awards for the Plaintiffs.

25. Class Counsel shall file their motion for final approval of the Settlement no later than fourteen (14) days prior to the Final Approval Hearing.

26. Any party to this case, including any Participating Settlement Class Member, may be heard in person or by counsel, in support of, or in opposition to, the Court's determination of the good faith, fairness, reasonableness, and adequacy of the proposed Settlement, the requested attorneys' fees, costs, and expenses, the requested Service Awards for the Plaintiffs, and any order of Final Approval and judgment regarding such settlement, fees, costs, and payments; provided however, that no person shall be heard in opposition to such matters unless such person has complied with the conditions set forth in the Notice.

27. Any Participating Settlement Class Member who timely files and serves an objection may appear at the Final Approval Hearing, either in person or through an attorney, if the Participating Settlement Class Member files a notice with the Court at least fourteen (14) days in advance of the Final Approval Hearing indicating that he or she wishes to appear at the hearing.

28. The Court orders that if for any reason the Court does not execute and file an order of Final Approval and judgment, or if such a Final Approval order is reversed, the

9

Agreement and the proposed Settlement that is the subject of this Order, and all evidence and proceedings had in connection therewith, shall be without prejudice to the status quo ante rights of the Parties to the litigation as more specifically set forth in the Agreement.

29. The Agreement shall not be construed as an admission or evidence of liability.

30. Pending further order of this Court, all proceedings in this matter except those contemplated herein and in the Agreement are stayed.

31. The Court expressly reserves the right to adjourn or continue the Final Approval Hearing without further notice to Settlement Class Members.

IT IS SO ORDERED.

Dated: April 25, 2023

_____
Hon. Noel L. Hillman
United States District Judge